THE BANK OF LEADVILLE V. ALLEN ET AL.

In an action by an indorsee against A. and B. as copartners upon certain promissory notes executed by A. in the name and as the obligations of A. and B., the answers denying such partnership and the authority of A. to make the notes, alleging notice to the indorsee, and the evidence being in support of such defense, *held*, that the verdict should not be disturbed.

*Error to District Court of Lake County.*

ON the 27th day of January, 1879, three promissory notes were given by H. L. Swords in the name of B. F. Allen & Co. to one W. H. Bush; the first note was made payable sixty days after date and the others in ninety days. On the 28th of January, 1879, the notes, as alleged by plaintiff in error, were purchased in its usual course of business. Upon maturity payment was refused, and suit was instituted in the district court of Lake county. The defendants obtained a verdict, upon which judgment was entered, and to reverse that judgment the plaintiff prosecutes this writ.

Messrs. MARKHAM, PATTERSON, THOMAS and CAMPBELL, for plaintiff in error.

Mr. LUCIUS P. MARSH, for defendants in error.

STONE, J.  The first, second, third and fourth errors assigned are to the ruling of the court in permitting certain questions to be asked of witnesses relating to the consideration for which the notes in suit were given.

If there was any possible error in the admission of the testimony in question, it could not have prejudiced the plaintiff, since the court plainly instructed the jury that the matter of the consideration for which the notes were given was not to be taken into account by them. One of the instructions given by the court to the jury on behalf of the plaintiff is in the following language: "You

are further instructed that it is immaterial in this case whether the notes in this controversy were given without consideration or not. If you believe from the evidence that the plaintiff purchased said notes in the usual course of business and before maturity, you are instructed that it is entitled to recover, whether there was any consideration or not, and the only defense that can prevail against the plaintiff is that the notes are not the notes of the defendants or either of them."

This instruction clearly defined the issue to be determined by the jury, narrowed down to a single point, in the defense, and rendered of no consequence the questions and answers objected to under the foregoing assignments.

The fifth alleged error is founded upon the refusal of the court to admit in evidence a certain document called a lease, the assignment of which was claimed to have constituted the consideration of the notes. This evidence was properly rejected for two reasons: first, because the consideration for the notes in suit was not a material issue in the case; and second, the assignment of the document, as shown by the record, was expressed to be upon the condition of the payment to Bush, the assignor, of four certain notes described as executed by Swords, one of the defendants, and not the notes sued upon as the notes of B. F. Allen & Co.

The sixth, seventh and eighth assignments allege error in the giving of instructions touching the proof of partnership. Counsel for plaintiff in error admit in argument that these instructions severally state the law correctly as abstract propositions, but object that they are not based upon the evidence in the case. We fail to perceive the force of this objection. The suit was brought upon certain promissory notes executed by the defendant Swords in the name and as the obligations of "B. F. Allen & Co.," and a recovery was sought against B. F. Allen and the said Swords as partners composing the firm of B. F. Allen & Co. The answer of defendants denied any such

partnership, and denied any authority whatever on the part of Swords to make the notes.

The evidence upon these points on the part of the defense was to the effect that there never had been any such partnership; that the defendants Allen and Swords were never partners in any business, and that Swords had no authority whatever to make the notes in question. The answer of Allen denied that they were his notes, and the answer of Swords denied his authority to make the notes, and alleged that he made the same by duress on the part of Bush, the payee, and also charged the plaintiff, as indorsee, with knowledge of all the facts when it took the notes from Bush. Upon the issues tried and the evidence thereon the instructions in question were pertinent, and, as they correctly stated the law, there was no error in giving them to the jury.

The instructions given on behalf of the plaintiff are exceedingly liberal in favor of that side, and since the evidence, as presented by the record, is amply sufficient to support the verdict, there was no error in refusing a new trial, and the judgment of the court below will be affirmed.

*Affirmed*